IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TCI COURTYARD, INC.,** § | |
| § | |
| Appellant, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-3465-L** |
| § | |
| **WELLS FARGO BANK, NA,** § | |
| § | |
| Appellee. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Appellant TCI Courtyard, Inc.'s ("TCI Courtyard") appeal of the bankruptcy court's (1) Order Allowing Claim of Wells Fargo Bank (Claim No. 1-1), entered June 27, 2013; (2) Order Denying Confirmation of Debtor's Plan, entered June 27, 2013; and (3) Order Dismissing Case, With Prejudice, entered June 27, 2013. After consideration of all briefing by the parties, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's orders.

### I.   Factual and Procedural Background

This appeal originates from a proof of claim filed by Wells Fargo Bank, NA ("Wells Fargo") in the Chapter 11 bankruptcy of TCI Courtyard, a corporation that owns an apartment complex located in Holland, Ohio. Wells Fargo filed a proof of claim asserting a claim of $15,064,672.83 based on a promissory note secured by a mortgage on the apartment complex (the "Promissory Note"). TCI Courtyard objected to Wells Fargo's proof of claim, arguing that it failed to reflect accurately the amounts owed to Wells Fargo. At a hearing conducted by the bankruptcy court, Wells Fargo presented evidence that the total amount due on the Promissory Note included $4,905,346.82 in compounded default interest. After the evidence was presented, TCI Courtyard

**Memorandum Opinion and Order – Page 1**

argued for the first time that compound interest is disfavored under Illinois law and that the Promissory Note called for only simple interest. The bankruptcy court struck TCI Courtyard's legal argument regarding compound interest as an untimely "ambush" and did not specifically interpret the default interest provision of the Promissory Note. Doc. 1-4 at 174. The court found that Wells Fargo's calculations including compound rather than simple interest were "reasonable and appropriate and consistent with the loan documents." *Id.* at 173. Accordingly, it allowed Wells Fargo's claim as proposed, denied confirmation of TCI Courtyard's plan, and dismissed the bankruptcy petition.

## II. Legal Standard – Bankruptcy Appeals

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law *de novo*. *In re Dennis,* 330 F.3d 696, 701 (5th Cir. 2003); *In re National Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000). A bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been committed." *In re Dennis,* 330 F.3d at 701 (citation omitted). In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge to determine the credibility of the witnesses. *Id.*; *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993) (quoting Fed. R. Bankr. P. 8013). A bankruptcy judge's evidentiary rulings are reviewed for an abuse of discretion. *See In re Repine,* 536 F.3d 512, 518 (5th Cir. 2008).

**III.    Analysis**

TCI Courtyard raises three issues on appeal, contending that the bankruptcy court: (1) erred in allowing Wells Fargo's claim to be computed with compound default interest; (2) improperly concluded that TCI Courtyard's objection to the use of compound interest was untimely; and (3) mistakenly denied confirmation of TCI Courtyard's plan and dismissed its voluntary petition for bankruptcy.  The parties agree that this appeal essentially turns upon whether the bankruptcy court erred in allowing Wells Fargo's claim to be computed with compound default interest.  The court therefore need not determine whether the bankruptcy court incorrectly found TCI Courtyard's objection and legal argument to be untimely.

The September 28, 2001 Promissory Note is governed by Illinois law.  *See* Doc. 1-2 at 224.  Illinois law "does not favor compound interest."  *Harrington v. Kay*, 483 N.E.2d 560, 567 (Ill. App. Ct. 1985); *see also Tadros v. Kuzmak,* 660 N.E.2d 162, 169 (Ill. App. Ct. 1995).  Thus, unless a contract or statute explicitly calls for compound interest, Illinois courts do not award it.  *See, e.g., Weigel Broad. Co. v. Smith,* 682 N.E.2d 745, 752 (Ill. App. Ct. 1996) ("In general, compound interest is available only when there is no statutory bar and the parties specifically agree to compound interest."); *Martin v. Heinold Commodities, Inc.,* 608 N.E.2d 449, 456 (Ill. App. Ct. 1992) ("[A]bsen[t] . . . express statutory or contractual language providing for prejudgment interest to be compounded, interest must be computed on a simple basis."), *rev'd in part on other grounds*, 643 N.E.2d 734 (Ill. 1994).

TCI Courtyard and Wells Fargo disagree on the proper interpretation of the Promissory Note.  The Promissory Note states that "[s]o long as an Event of Default remains outstanding . . . interest

**Memorandum Opinion and Order – Page 3**

shall accrue at the Default rate and, to the extent not paid when due, shall be added to the Principal Amount[.]" Doc. 1-2 at 221. The Default Rate is defined as the "[l]esser of (i) the Contract Rate plus five percent (5%) per annum; or (ii) the maximum amount permitted by applicable law." *Id.* at 215. The Contract Rate of interest is "[a] rate of interest equal to seven percent (7.00 %) per annum." *Id.* at 214.

TCI Courtyard contends that this provision calls for simple interest. It states that "per annum" has been defined by Illinois courts to designate simple interest and that the Promissory Note here states that the default interest is to be computed per annum. Doc. 10 at 8 & 10. Illinois courts have explained that "'[p]er annum' merely denotes the frequency at which the applicable rate of interest is to be applied and does not permit a compounded annual method of computation." *Helland v. Helland*, 573 N.E.2d 357, 359 (Ill. App. Ct. 1991). Wells Fargo disagrees with this contractual interpretation. It urges that the Promissory Note in this case specifically provides that unpaid interest is to be added to the principal amount of the loan, which indicates that the parties purposely contracted for compound interest. Doc. 13 at 18. Wells Fargo distinguishes the cases cited by TCI Courtyard since all such cases "merely state a per annum rate and are otherwise silent a[s] to the method of calculation." *Id.* (citing *Weigel*, 682 N.E.2d at 752; *Helland*, 573 N.E.2d at 358; & *Harrington*, 483 N.E.2d at 570). The court concludes that the plain terms of the Promissory Note mandate compound interest. Black's Law Dictionary defines compound interest as "[i]nterest paid on both the principal and the previously accumulated interest." Black's Law Dictionary 887 (9th ed. 2009). "Compound interest exists when accrued interest is added to the principal sum, and the whole is treated as a new principal for the calculation of the interest for the next period." *Reaver v. Rubloff-Sterling, L.P.,* 708 N.E.2d 559, 562 (Ill. App. Ct. 1999); *see also In re Martinson*, No. 00-

81593, 2000 WL 33964097, at *7 (Bankr. C.D. Ill. Dec. 29, 2000).  Here, the Promissory Note unambiguously states that after default, the interest, "to the extent not paid when due, *shall be added to the Principal Amount*[.]"  Doc. 1-2 at 221 (emphasis added).  That is, the contract not only sets forth that default interest is to be computed per annum, but also that the accrued interest shall be paid on both the principal and the previously accumulated interest.  The parties were not silent on the matter, as they specifically agreed that the interest would be added to the principal amount if not paid when due.  To hold otherwise – that the use of the term "per annum" mandates simple interest notwithstanding the remaining contract language – would entirely ignore the parties' use of the clause "to the extent not paid when due, shall be added to the Principal Amount[.]"

In Illinois, "[c]ontract language must not be rejected as meaningless or surplusage, and it is presumed that the terms and provisions of a contract are purposely inserted and that the language was not employed idly."  *Lempa v. Finkel*, 663 N.E.2d 158, 166 (Ill. App. Ct. 1996).  "[I]f the contract terms are unambiguous, the parties' intent must be ascertained exclusively from the express language of the contract . . . , giving the words used their common and generally accepted meaning."  *Shields Pork Plus, Inc. v. Swiss Valley Ag Serv.,* 767 N.E.2d 945, 949 (Ill. App. Ct. 2002).  A contract is ambiguous if "the language used is susceptible to more than one meaning . . . or is obscure in meaning through indefiniteness of expression[.]"  *Id.*  Ambiguity is not presumed from the parties' disagreement over the contract's meaning; rather, it must be apparent from the language itself.  *Id.*

Here, the contractual language is not susceptible to more than one meaning.  It is apparent that the parties intended for the default interest rate to be compounded.  To conclude that the parties meant for the interest rate to accrue as simple interest at the Default Rate would ignore as surplusage

**Memorandum Opinion and Order – Page 5**

the language in the contract that default interest "shall be added to the Principal Amount." The contract did not only state that "interest shall accrue at the Default Rate," and the court will not ignore the remaining language of the provision. Accordingly, the bankruptcy court did not err in allowing Wells Fargo's claim to be computed with compound default interest. Because the court finds no error in the Order Allowing Claim of Wells Fargo Bank (Claim No. 1-1), TCI Courtyard's challenges to the Order Denying Confirmation of Debtor's Plan and Order Dismissing Case, With Prejudice – both of which are based upon the allegedly improper calculation of interest – are without merit.

### IV. Conclusion

For the reasons herein stated, the court **affirms** the bankruptcy court's (1) Order Allowing Claim of Wells Fargo Bank (Claim No. 1-1), entered June 27, 2013; (2) Order Denying Confirmation of Debtor's Plan, entered June 27, 2013; and (3) Order Dismissing Case, With Prejudice, entered June 27, 2013, and **dismisses** this appeal. The clerk of court is directed to prepare, sign, and enter judgment in accordance with this Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure.

**It is so ordered** this 20th day of May, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge